Filed 3/27/25  P. v. Henry CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BOBBY HENRY,<br><br>        Defendant and Appellant. | A170490<br><br>(Alameda County<br>Super. Ct. No. 611302) |

After Bobby Henry pleaded guilty to murder (Pen. Code,[1] § 187, subd. (a)) pursuant to a negotiated agreement, he was sentenced to 25 years to life in prison.  In this appeal, Henry challenges the superior court order denying his section 1172.6 resentencing petition for Henry's failure to make a prima facie case for relief.  (§ 1172.6, subd. (c).)  Specifically, Henry argues the court erred by relying on the reporter's transcript of Henry's preliminary hearing in making that prima facie determination.  Guided by our Supreme Court's recent decision in *People v. Patton* (Mar. 3, 2025, S279670) __ Cal.5th __ [2025 Cal. Lexis 1165; 2025 WL 666005] (*Patton*), we disagree and affirm the order accordingly.

---

[1] All statutory references are to the Penal Code.

## BACKGROUND

The resentencing petition was a preprinted form on which Henry checked boxes alleging that he met the requirements of former section 1170.95,[2] subdivision (a) and requesting the appointment of counsel. Upon receiving the petition, the superior court appointed counsel for Henry and sought the prosecutor's response.

The prosecutor's first response averred that Henry had made the requisite prima facie showing under section 1172.6, subdivision (c). But in a later, supplemental response, the prosecutor withdrew that concession in light of *People v. Mares* (2024) 99 Cal.App.5th 1158 (*Mares*), review granted May 1, 2024, S284232 (rejecting a defendant's contention that the superior court erred in relying on a preliminary hearing transcript in the prima facie stage of § 1172.6 proceedings). According to the supplemental response, the prosecutor had proceeded at the preliminary hearing on a theory that Henry "was the actual killer through testimony of live witnesses and video evidence," and no evidence undercut that theory. Moreover, the supplemental response noted that Henry's counsel at the preliminary hearing had argued that Henry should only "be held to answer . . . for voluntary manslaughter," along with Henry's stipulation to preliminary hearing evidence for the factual basis of his guilty plea.

In his reply, Henry took "the position that he ha[d] met the very low standard for making a prima facie showing," arguing (inter alia) that the prosecution's supplemental reply had failed to support its actual-killer contentions with any "specific citations to the record of conviction." In turn, the prosecutor filed a second supplemental response, citing Henry's

---

[2] In 2022, former section 1170.95 became section 1172.6. (Stats. 2022, ch. 58, § 10.)

stipulation to the factual basis for his plea, and preliminary hearing testimony that, according to the second supplemental response, supported the prosecution's theory that Henry was the actual killer. Henry then filed a supplemental reply, contending that counsel's argument regarding voluntary manslaughter at the preliminary hearing did not foreclose the possibility that Henry was entitled to resentencing, but neglecting to address either the stipulated factual basis for Henry's plea or the preliminary hearing testimony cited by the prosecutor's second supplemental response.

At the hearing on the petition, the superior court found that Henry had not made the requisite prima facie case for relief. In explaining that conclusion, the court compared Henry's case to *People v. Estrada* (2024) 101 Cal.App.5th 328 (*Estrada*), which distinguished *Mares*, *supra*, 99 Cal.App.5th 1158, review granted, from cases in which "evidence contained in the preliminary hearing transcript" does not conclusively foreclose "the possibility that the petitioner was convicted under an invalid theory of liability" (*Estrada*, at p. 340): "It said in *Estrada* there were other factors that suggested other people here, but in my view, nothing like that is present in this preliminary hearing testimony," and the closing argument of Henry's counsel at the preliminary hearing was, "to me . . . a form of admission that there really is nothing else here other than Mr. Henry was the actual killer."

In the trial court as well as on appeal, the parties aligned themselves on each side of a split in California's decisional law as to whether courts may review preliminary hearing transcripts to determine prima facie evidence for relief under section 1172.6. As anticipated by the parties during this appeal, that question was answered by the California Supreme Court's decision in *Patton*.

3

## DISCUSSION

Henry contends the superior court erred by relying on the preliminary hearing transcript at the section 1172.6 pleading stage. He views the trial court's consideration of the transcript as "impermissible factfinding" by the court. *Patton* now instructs that—as applied to this case—this view is incorrect. (See *Patton*, *supra*, ___ Cal.5th at p. ___ [2025 Cal. Lexis 1165 at pp. *1–*2].) Where, as here, the court is not using the transcript to resolve disputed facts, "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Id.* at p. *24.) The superior court, "in determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory," may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations." (*Id.* at p. *17.) Doing so "over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Id.* at p. *20.) It is instead "a determination that the petition's allegations are legally deficient, 'not a ruling on the merits of the issues which petitioner has attempted to raise.' " (*Ibid.*) Here, Henry's petition comprised conclusory, checkbox allegations, and none of his filings below challenged any of the preliminary hearing testimony cited by the prosecutor. Even in this appeal, Henry refrains from arguing that resentencing relief is not foreclosed by the facts established by the preliminary hearing testimony and Henry's stipulation to the factual basis for his guilty plea. In short, he has adduced no error in the court's reliance on the preliminary hearing transcript.

Finally, we reject Henry's suggestion that the superior court impermissibly relied on the closing argument defense counsel had made at Henry's preliminary hearing (asking the magistrate to hold Henry to answer

4

for the lesser charge of voluntary manslaughter).  The superior court referred to that closing argument in distinguishing Henry's case from *People v. Estrada*, *supra*, 101 Cal.App.5th at page 340, where the preliminary hearing "evidence contain[ed] testimony that could potentially suggest multiple perpetrators were involved."  Here, the superior court concluded that "nothing like that is present in this preliminary hearing testimony," and then observed that this conclusion was also implicit in the closing argument: That, "to me, [was] a form of admission that there really is nothing else here"—in the preliminary hearing testimony—"other than Mr. Henry was the actual killer."  The observation may have been superfluous, but when read in context, it does not suggest any impermissible reliance on the closing argument.

## DISPOSITION

We affirm.

SMILEY, J.

WE CONCUR:

HUMES, P. J.
LANGHORNE WILSON, J.

A170490
*People v. Henry*

5